Argued and submitted June 30, affirmed October 15, 1986

## STATE OF OREGON,
*Appellant,*

*v.*

## DANIEL KAYE HARDT,
*Respondent.*

(85-0290; CA A37992)

726 P2d 953

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

John P. Daugirda, Deputy Public Defender, Salem, argued

the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state appeals from an order granting defendant's motion to dismiss an indictment charging defendant with violating an habitual traffic offender order. *Former* ORS 484.740.[1] We affirm.

Defendant was convicted of driving under the influence of intoxicants (DUII) on May 13, 1977. On August 23, 1978, he was convicted of driving while suspended (DWS). On February 21, 1979, he was again convicted of DUII. The trial court suspended his license for one year. On March 21, 1979, MVD also suspended his license for one year, because he had two DUII convictions within a five-year period. Additionally, his license was suspended indefinitely for failure to furnish proof of financial responsibility. On June 4, 1979, his license was suspended again indefinitely for failure to furnish proof of financial responsibility and for failure to comply. On November 28, 1979, his license was suspended for refusing to take a breath test. The license was not reinstated on any of those suspensions until March 27, 1980. He was again arrested for DWS on November 22, 1979, and February 1, 1980. On April 8, 1980, he pleaded guilty to two counts of felony DWS.

On June 18, 1980, defendant was determined to be an habitual traffic offender (HTO) for having been convicted of three major traffic offenses within a five-year period. *Former* ORS 484.705.[2] He was ordered not to operate a motor vehicle

---

[1] *Former* ORS 484.740 provided:

"Except as provided in ORS 484.735(2), it shall be unlawful for any person to operate a motor vehicle in this state while the order of the court prohibiting such operation remains in effect. A person who violates this section commits a Class C Felony."

*Former* ORS 484.470 was repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 600, *as amended by* Or Laws 1985, ch 16, § 306 (now ORS 811.185).

[2] *Former* ORS 484.705 provided, in part:

"(1) As used in ORS 484.700 to 484.750, unless the context requires otherwise, 'habitual offender' means any person, resident or nonresident, who within a five-year period, has been convicted of or forfeited bail for the number and kinds of traffic offenses described in paragraph (a) or (b) of this subsection, as evidenced by the records maintained by the division.

"(a) Three or more of any one or more of the following offenses:

"(A) Manslaughter or criminally negligent homicide resulting from the

on a public highway. On November 29, 1984, he allegedly drove in violation of the order. He was indicted for that offense on February 14, 1985. That indictment is the subject of this appeal.

On October 8, 1985, defendant obtained a post-conviction order setting aside his 1977 DUII conviction. On October 11, he moved to dismiss the indictment charging him with violating the HTO order. The trial court granted the motion, finding that the indictment was dependent on the unconstitutional and void 1977 DUII conviction and on the subsequent 1980 DWS convictions, which were also dependent on the void 1977 DUII conviction.

The state raises several arguments in support of its contention that the trial court erred in allowing the motion to dismiss. We address only those that were raised below.

The trial court correctly dismissed the indictment, unless there is a valid HTO order. The HTO order is valid if defendant had been convicted of three major traffic offenses within a five-year period. *See former* ORS 484.705. No one disputes that the void 1977 DUII cannot form the basis of the HTO order or that the 1979 DUII does count as one of the three necessary convictions. The issue is whether the two 1980 felony DWS convictions can count as the necessary second and third convictions.

The state's first argument is that the convictions count, because defendant cannot collaterally attack them in

---

operation of a motor vehicle;

"(B) Driving while under the influence of intoxicants as defined by ORS 487.540;

"(C) Driving a motor vehicle while his license, permit or privilege to drive has been suspended or revoked as defined by ORS 487.560;

"(D) Reckless driving as defined in ORS 487.550;

"(E) Failure of the driver of a motor vehicle involved in an accident resulting in the death of or injury to any person or damage to any vehicle being driven or attended by a person to perform the duties required by subsections (1) and (2) of ORS 483.602; or

"(F) Eluding a police officer as provided in ORS 487.555."

*Former* ORS 484.705 was amended by Or Laws 1981, ch 818, § 38, repealed by Or Laws 1983, ch 338, § 978, and replaced by Or Laws 1983, ch 338, § 365, *as amended by* Or Laws 1985, ch 16, § 179 (now ORS 809.600).

this proceeding. The state relied below solely on *State v. Day,* 40 Or App 235, 594 P2d 1285, *rev den* 287 Or 301 (1979).[3] *Day* would support the state's position if it had not been implicitly overruled by *State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984), where the defendant was permitted collaterally to attack on statutory grounds the validity of a suspension order. We turn to the merits.

■■ The trial court held that the two 1980 felony DWS convictions cannot form the basis of the HTO order, because they are based on suspensions resulting from the void 1977 DUII conviction. The state does not argue that the DWS convictions were not so based. It argues instead that the DWS convictions are valid, because they could have been based on other valid suspensions. We disagree. Even assuming that the question of whether a conviction could have been based on something other than what it was based on is relevant, only the suspensions flowing from the invalid DUII conviction are sufficient to support *felony* DWS convictions,[4] and the state

---

[3] In *Day,* the defendant was convicted of DUII. As a result of that conviction, her license was suspended for failure to furnish proof of financial responsibility. Two years later, she was charged with DWS, among other things. Subsequently, she obtained a post-conviction order setting aside the uncounseled DUII conviction. She then moved to suppress the suspension order on the ground that the conviction which triggered the suspension had been set aside. We held that she should have used "proper legal channels" to remove the suspension and that she was not permitted to attack the suspension order collaterally in a criminal proceeding. 40 Or App at 238.

[4] The remaining suspensions would have supported *misdemeanor* DWS convictions, but they could not have supported the *felony* convictions. *Former* ORS 487.560 (now ORS 811.175) provided, in relevant part:

"(5) Except as provided in subsection (6) of this section, driving while suspended or revoked is a Class A misdemeanor.

"(6) Driving while suspended or revoked is a Class C felony if the suspension or revocation was the result of a finding that the person is an habitual traffic offender under ORS 484.730 or of a conviction for any of the following offenses:

"(a) Manslaughter or criminally negligent homicide resulting from the operation of a motor vehicle.

"(b) Any crime punishable as a felony in the commission of which a motor vehicle was used.

"(c) Failure to perform the duties of a driver involved in an accident or collision which results in physical injury to any person.

"(d) Reckless driving.

"(e) Fleeing or attempting to elude a police officer.

"(f) Driving while under the influence of intoxicants."

admitted that below.[5] The trial court did not err in granting the motion to dismiss.

Affirmed.

---

[5] The prosecutor admitted in the trial court:

"[T]here were four suspensions in effect when he was arrested the next time for driving while suspended, two of which appeared to flow from the second DUII, and two which appear not to flow from the second DUII.

"But of all the four, the only one that would make it a felony driving to drive [*sic*] was the one from, that said second DUII. And that did appear from the driving record [to] follow effective the date he is convicted for DUII."