On appellant's reconsideration filed November 19, 1986, reconsideration allowed, former opinion (81 Or App 607, 726 P2d 953) adhered to December 31, 1986, reconsideration denied February 20, petition for review denied March 17, 1987
(303 Or 74)

## STATE OF OREGON,
*Appellant,*

*v.*

## DANIEL KAYE HARDT,
*Respondent.*

(85-0290; CA A37992)

730 P2d 1278

Dave Frohnmayer, Attorney General, Salem, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, for the petition.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The state petitions for reconsideration, *see* ORAP 10.10(1), of our decision in *State v. Hardt,* 81 Or App 607, 726 P2d 953 (1986). The state argues (1) that we misread *City of Pendleton v. Standerfer,* 297 Or 725, 688 P2d 68 (1984), and *State v. Grenvik,* 291 Or 99, 628 P2d 1195 (1981), and (2) that, even if the two 1980 driving while suspended (DWS) convictions were invalid, we nonetheless erred in affirming the trial court's dismissal of the indictment.

First, we did not "misread" *Standerfer* and *Grenvik.* We refused to consider the state's argument based on those cases, because the state failed to make that argument adequately in the trial court. We still refuse to consider it, for the same reason.

Second, the state challenges this portion of our opinion:

> "The trial court held that the two 1980 felony DWS convictions cannot form the basis of the [habitual traffic offender] order, because they are based on suspensions resulting from the void 1977 DUII conviction. The state does not argue that the DWS convictions were not so based. It argues instead that the DWS convictions are valid, because they could have been based on other valid suspensions. We disagree. Even assuming that the question of whether a conviction could have been based on something other than what it was based on is relevant, only the suspensions flowing from the invalid DUII conviction are sufficient to support *felony* DWS convictions, and the state admitted that below. The trial court did not err in granting the motion to dismiss." 81 Or App at 611. (Footnotes omitted; emphasis in original.)

The state argues that we erred in affirming the trial court, because the two 1980 DWS convictions would have occurred whether or not defendant had ever been convicted of the 1977 DUII. It contends that, because the state *could have* convicted defendant of misdemeanor DWS, the felony DWS convictions are valid. We find it hard to believe that the state seriously argues that facts which at best prove a lesser-included offense are somehow sufficient to render a conviction for the greater offense valid.

The state also appears to argue that defendant cannot benefit from the invalidity of the 1980 DWS convictions,

because he pled guilty and failed to raise the invalidity of the 1977 DUII and its ensuing suspension order. Giving that argument more attention than it merits, we point out that "responsibility" for the invalid convictions rests equally on the state, because it could have charged defendant with misdemeanor DWS.

Petition for reconsideration allowed; former opinion adhered to.