Argued and submitted December 24, 1987, reversed May 18, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## CALVIN HARPER,
*Appellant.*

(C86-12-36284; CA A43913)

754 P2d 916

Gary D. Babcock, Public Defender, Salem, argued the cause for appellant. With him on the brief was John P. Daugirda, Deputy Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

---

* Joseph, Chief Judge, *vice* Young, J., deceased.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for felony driving while suspended (DWS). ORS 811.175. The dispositive issue is whether he may collaterally attack the validity of a previous revocation of his driving privileges. We reverse.

On May 31, 1983, defendant received a notice from the Motor Vehicles Division (MVD) that, because the Multnomah County Circuit Court had designated him a habitual traffic offender (HTO), his license was revoked, effective June 6, 1983. The notice did not inform defendant that, if he requested a hearing, the effective date of the revocation would be postponed, pending the hearing. The circuit court's order prohibited him from operating a motor vehicle in this state. ORS 809.640.

On April 1, 1985, defendant was convicted of violating the HTO order, a felony offense. *See* ORS 811.185. On May 31, 1985, MVD revoked defendant's license again, because, by violating the HTO order, he had used a vehicle in the commission of a felony. On November 25, 1986, he was arrested for operating a vehicle while the HTO order and 1985 revocation were still in effect. He was charged by indictment with violating the HTO order, ORS 811.185, and with felony DWS. ORS 811.175.[1]

Defendant moved for judgment of acquittal on both

---

[1] ORS 811.175 provides, in relevant part:

"(1) A person commits the offense of driving while suspended or revoked or in violation of an occupational or probationary permit if the person does any of the following:

"(a) Drives a motor vehicle upon a highway during a period when the person's driving privileges or right to apply for driving privileges have been suspended or revoked in this state by a court or by the division.

"* * * * *

"(4) The offense described in this section, driving while suspended or revoked or in violation of occupational or probationary permit, is a Class A misdemeanor except that if the suspension or revocation resulted from any of the following the offense is a Class C felony:

"* * * * *

"(c) Any crime punishable as a felony with proof of a material element involving the operation of a motor vehicle."

ORS 811.175 has since been amended. Or Laws 1987, ch 730, § 1; Or Laws 1987, ch 801, § 9.

charges, contending that the 1983 revocation of his license is void, because the notice of revocation did not tell him that the revocation would be postponed if he requested a hearing. *See State v. Atkinson,* 305 Or 295, 751 P2d 784 (1988). The trial court granted the motion on the HTO violation, because it held that the 1983 notice of suspension was inadequate. However, the court denied defendant's motion on the DWS charge. The court found that the underlying 1983 HTO order was void[2] and that the 1985 revocation grew out of the void order.[3] The present felony DWS charge relies on the 1985 revocation, because the essential element of the charge is that defendant drove after his license had been revoked for committing a felony using a vehicle. ORS 811.175. However, the court held that defendant could not now collaterally attack the 1985 order in defending the DWS charge, because he had not raised the invalidity of the HTO order as a defense when his license was revoked in 1985. Defendant was convicted of felony DWS.

■ Defendant relies on *State v. Hardt,* 81 Or App 607, 726 P2d 953, *adhered to,* 83 Or App 221, 730 P2d 1278 (1986), *rev den* 303 Or 74 (1987), to argue that he may raise the invalidity of the HTO order and thus successfully defend the DWS charge. The state responds that *Hardt* may not be read to allow a collateral attack at this point.

In *Hardt,* the defendant had been convicted, in 1977,

---

[2] The statutes in effect at the time of the initial revocation did not require the notice discussed in *State v. Atkinson,* 305 Or 295, 751 P2d 784 (1988). However, the state did not raise that argument below and, on appeal, did not challenge the trial court's ruling that the 1983 order was void.

[3] The state contends that it provided evidence that the felony suspension was proper and that defendant did not carry his burden of rebutting that evidence. *See State v. Fritz,* 85 Or App 1, 735 P2d 1228, *rev den* 303 Or 700 (1987). We disagree. Defendant introduced certified MVD records which established that the 1985 revocation was for driving in violation of the invalid order. The trial court recognized that fact, but held that it was too late for defendant to assert the collateral attack regarding the DWS charge. The court stated:

"Now, I do agree that the defense is entitled to argue from the record that has to be the conviction of driving in violation of a Court order on April 1st, 1985, that offense having occurred on February 27th, 1985. I take that from the driving record of that part of the certified record from the Motor Vehicle Division, but I don't believe that we are entitled to go one step beyond that and say that that conviction should not have been had because Mr. Harper had a defense based on the statute; that he either did not assert it or if he did the Trial court improperly overruled it and he evidently did not appeal.

"I will find Mr. Harper guilty of Count II, felony driving while suspended."

of driving under the influence of intoxicants (DUII), and his license had been suspended. In 1980, he was twice convicted of DWS; both convictions depended on the suspension for DUII. Because of the three convictions, the defendant was designated an HTO and prohibited from driving. He was later indicted for violating that order. The trial court granted his motion to dismiss the indictment, because the HTO order was based on the three earlier convictions which grew out of the DUII conviction and the defendant had successfully had the DUII set aside in a post-conviction proceeding. On appeal, we held that the DWS convictions could not be used, because they were based on the void DUII conviction. Therefore, the original invalidity of the DUII conviction prohibited the use of the subsequent DWS convictions to gain an HTO order violation conviction. 81 Or App at 610-611. We also rejected the state's argument, in its petition for reconsideration, that, because the defendant had not raised the invalidity of the DUII conviction as a defense to the DWS convictions, he could not assert it in the HTO proceeding. *See State v. Hardt, supra,* 83 Or App at 223-24.

The same reasoning applies here. Although defendant did not raise the invalidity of the 1983 HTO order to defend the 1985 revocation, he may now assert its invalidity as a defense. He did so, and the trial court held the 1983 order void. The state does not challenge that conclusion. A conviction of felony DWS cannot be based upon a violation of an invalid revocation, which is itself based on an invalid HTO order. *See State v. Hardt, supra,* 81 Or App at 610.

Reversed.