# LOUIS EDWARD FRANKLIN,
## *Appellant,*

*v.*

# STATE OF OREGON,
## *Respondent.*

## (A8906-03224; CA A63087)

819 P2d 739

Wayne Mackeson, Portland, argued the cause for appellant. With him on the brief was Des Connall, P.C., Portland.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Michael C. Livingston, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., retired.

**DEITS, J.**

Petitioner brought this action under the Post-Conviction Hearing Act, ORS 138.510 *et seq,* to set aside a misdemeanor conviction for driving while suspended, three felony convictions for driving while suspended and three felony convictions for driving in violation of a habitual traffic offender order. ORS 811.175; ORS 811.182; ORS 811.185. He argues that the convictions should be set aside, because one of the convictions underlying the habitual traffic offender order is void. The trial court denied relief. We affirm.

The facts are not disputed. In May and June, 1982, Motor Vehicles Division (MVD) sent petitioner suspension orders, advising him that his driving privileges had been suspended pending his satisfaction of the Financial Responsibility Law. *Former* ORS 482.440; *former* ORS 486.211(2). In August, 1982, he was cited for driving while suspended (DWS). He pleaded guilty in August, 1983. He was also convicted for a second misdemeanor DWS offense in August, 1983, and for a third offense in May, 1986. Petitioner does not challenge the last two convictions. In June, 1986, he received a notice of revocation, advising him that MVD had determined that he was a habitual traffic offender (HTO) and revoking his driving privileges, effective July 30, 1986. Subsequently, petitioner was convicted, on three different occasions, of driving in violation of the revocation order, a Class C felony, and felony DWS.

Petitioner sought relief under the Post-Conviction Hearing Act, requesting that his first August, 1983, misdemeanor DWS conviction and all of his felony convictions be set aside. The trial court set aside the misdemeanor DWS conviction but refused to set aside the felony convictions.

Petitioner argues that the two suspension orders issued by MVD in 1982 were defective, because they did not advise him that he had a right to a hearing before the suspension would become effective. He asserts that, because of the defective notices, the 1983 misdemeanor conviction is void and that, because that conviction was one of the three convictions used to support the 1986 HTO order, the felony convictions based on that order should be set aside.

The state concedes that the 1982 suspension orders did not provide petitioner an opportunity for a hearing prior to suspension of his driving privileges and did not, therefore, comply with the requirements of *former* ORS 486.221. *See State v. Tooley,* 297 Or 602, 687 P2d 1068 (1984). The state does not challenge the court's setting aside of petitioner's 1983 misdemeanor DWS conviction. It also concedes that, but for that conviction, "MVD would not have revoked [his] driving privileges pursuant to ORS 809.640(1)(a)." It asserts, nevertheless, that petitioner is not entitled to have the felony convictions set aside.

To prove a claim for post-conviction relief, a petitioner must establish either:

"(a)   A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b)   Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction." ORS 138.530(1).

The state contends that there has not been a substantial denial of petitioner's rights entitling him to have his felony convictions set aside, because he had the opportunity to raise the *Tooley* issue at trial and on appeal and did not do so.

In *North v. Cupp,* 254 Or 451, 461 P2d 271 (1969), *cert den* 397 US 1054 (1970), the Supreme Court considered whether a petitioner is entitled to post-conviction relief if it is shown that evidence was impermissibly admitted by the trial court but no objection was made at trial. The court noted this language in ORS 138.550(1):

"The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680."

In considering the effect of that language, however, the court said:

"If ORS 138.550(1) is construed as putting the petitioner, under all circumstances, in the same situation as he was at trial, insofar as his right to enforce his constitutional right is

concerned, it has in effect said there can be no procedural restrictions on the subsequent assertion of constitutional rights. There has been a procedural rule of long standing in this state requiring contemporaneous objections to the introduction of inadmissible evidence before any error can be asserted on appeal because of its admission. This rule serves a legitimate state purpose because it gives the trial court the opportunity to conduct a trial without using the tainted evidence, and a new trial may thus be avoided. Any other rule would destroy the possibility of giving any finality to the trial process. The defendant's attorney could fail to object to the admission of constitutionally objectionable evidence, secure in the knowledge that his client always had an anchor to windward guaranteeing him a new trial if the jury verdict was adverse.

"This procedural rule would be completely eroded by permitting the granting of relief in post-conviction proceedings in the absence of an objection at trial." 254 Or at 455.

The court concluded that the quoted language in ORS 138.550(1) was intended to apply to circumstances where it would be "inappropriate to require a contemporaneous objection at trial." It described one such situation:

"The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right. Also, the failure to assert the right would not be a bar where counsel was incompetent or was guilty of bad faith." 254 Or at 456.

*See also Boyer v. State of Oregon,* 43 Or App 629, 603 P2d 1228 (1979).

■    At the time of trial in 1987 on the felony charges, the case on which petitioner relies, *State v. Tooley, supra,* had been decided, and petitioner could reasonably have been expected to recognize the rights enumerated in that case. He does not argue that his counsel then was incompetent or was excusably unaware of facts that could have provided a basis for the challenge that he now makes.

Petitioner argues that this court has implicitly rejected the state's argument that he must have objected in the felony trials. He relies on *State v. Harper,* 91 Or App 239, 754 P2d 916 (1988), and *State v. Hardt,* 81 Or App 607, 726 P2d 953, *adhered to* 83 Or App 221, 730 P2d 1278 (1986), *rev den* 303 Or 74 (1987). However, those cases both involved defendants who collaterally attacked prior orders or indictments *during proceedings in the trial court,* not in the post-conviction process. We conclude that the trial court properly denied petitioner's request to set aside his felony convictions.

■ ■ Petitioner next argues that the trial court lacked jurisdiction to enter judgments on the felony DWS convictions under ORS 138.530(1)(b), because the underlying orders and convictions were void under *State v. Tooley, supra.* However, "jurisdiction" under ORS 138.530(1)(b) refers to jurisdiction over the defendant and the charged offense, neither of which is at issue here. Invalidity of the orders and convictions is a defense for a defendant to raise. However, it would not deprive the trial court of jurisdiction. jurisdiction.

■ Finally, petitioner argues that the inadequacy of the notice of his suspension in 1982 was a violation of his due process rights and that that violation warrants relief under ORS 138.530(1)(a). However, that statute applies to a substantial denial of constitutional rights "in the proceedings resulting in the petitioner's conviction." Assuming, without deciding, that the defects in the 1982 notice did constitute a due process violation, the violation did not occur in the proceedings resulting in petitioner's convictions on the felony charges.

Affirmed.