Argued and submitted June 5, 1992, judgment on first claim reversed; judgment on second claim affirmed June 23, reconsideration denied November 10, petition for review allowed November 30, 1993 (318 Or 97)
See later issue Oregon Reports

# WAYNE B. PALMER,
*Appellant,*

*v.*

# STATE OF OREGON,
*Respondent.*

## (16-90-06124; CA A71861)

854 P2d 955

David B. Kuhns, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

De MUNIZ, J.

Edmonds, J., concurring.

.

## De MUNIZ, J.

Petitioner appeals a judgment that dismissed his petition for post-conviction relief on the ground that his petition did not state a claim for relief. We affirm in part and reverse in part.

In 1988, petitioner was convicted of unlawful possession of a firearm. ORS 166.250. We affirmed his conviction without opinion, and the Supreme Court denied review on October 3, 1989. *State v. Palmer*, 97 Or App 588, 778 P2d 515, *rev den* 308 Or 405 (1989).

On July 13, 1990, petitioner filed a petition for post-conviction relief. In his third amended petition, he alleged two claims for relief. In the first claim, he alleged that his trial counsel was constitutionally inadequate, because the lawyer did not make a particular argument in a motion for judgment of acquittal. In the second claim, he alleged that ORS 166.250 is unconstitutional, because it does not define the term "concealed." The post-conviction court allowed defendant's demurrer, dismissed the petition and denied petitioner leave to re-plead.

Defendant argues, for the first time on appeal, that the petition was untimely[1] and that we may affirm the post-conviction court's judgment on that basis.[2] *State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988). The record reveals that petitioner did file his original petition more than 120 days after his direct appeal became final.

The limitation period found in ORS 138.510(2) is a statute of limitations; it is not a limitation on the jurisdiction

---

[1] ORS 138.510(2) provides, in part:

"A petition [for post-conviction relief] must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"* * * * *

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

[2] Defendant contends that it did raise the issue in its demurrer to petitioner's amended petition. However, defendant waived the statute of limitations as a possible defense by not asserting it in response to petitioner's third amended petition. *Simpson v. Simpson*, 83 Or App 86, 89, 730 P2d 592 (1986), *rev den* 303 Or 454 (1987).

of the post-conviction court. *See Mueller v. Benning*, 314 Or 615, 619, 841 P2d 640 (1992); *Boone v. Wright*, 314 Or 135, 137, 836 P2d 737 (1992). Unless otherwise provided for in the Post-Conviction Hearing Act, the Oregon Rules of Civil Procedure apply in post-conviction proceedings. *Mueller v. Benning, supra*, 314 Or at 621 n 6. Defendant could have raised the Statute of Limitations as an affirmative defense in an answer or in a motion to dismiss. ORCP 19B; ORCP 21A(9). Defendant did neither, and thereby waived that defense. ORCP 21G(2).

Allowing defendant to raise the Statute of Limitations for the first time on appeal would deprive petitioner of any opportunity to present evidence that would show why the petition raises grounds for relief that could not reasonably have been raised in a timely fashion. ORS 138.510(2). Defendant may not do so. *Scoggins v. State Construction*, 259 Or 371, 381, 485 P2d 391 (1971) (Bryson, J., dissenting). We were wrong when we concluded otherwise in *De La Cruz v. State of Oregon*, 111 Or App 654, 825 P2d 296 (1992), and we overrule that decision now.

■     We turn to petitioner's claim that his trial counsel was inadequate. In a post-conviction case involving the adequacy of trial counsel, the petitioner must show

> "by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1992).

*See also Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981). Petitioner alleged that his lawyer was constitutionally deficient, because his motion for judgment of acquittal did not include an argument that the state failed to prove that the gun was concealed on petitioner's person.[3] That allegation

---

[3] ORS 166.250(1) provides, in part:

"[A] person commits the crime of unlawful possession of a firearm if the person knowingly:

"(a) Carries any firearm concealed upon the person, without having a license to carry the firearm * * *."

In his affidavit, petitioner swore that the gun was "on the car seat partially wedged under [his] left leg."

specifically identified a shortcoming in his attorney's performance: the failure to assert that the state had failed to prove an element of the offense with which he was charged. That allegation, if true, would have required the trial court to grant his motion for a judgment of acquittal.

Defendant opines that there is little likelihood the trial court would have granted a motion for judgment of acquittal on the ground that the gun was under petitioner's leg and not "upon" his person. Defendant's opinion on petitioner's prospects for success is irrelevant to the question of whether the petition states a claim. It does, and petitioner is entitled to a hearing on the merits of that claim.[4] The court erred by dismissing it.

We next address petitioner's claim that ORS 166.250 is unconstitutionally vague, because it does not define the term "concealed." Grounds for post-conviction relief are enumerated in ORS 138.530, which provides:

"(1)   Post-conviction relief pursuant to [the Post-Conviction Hearing Act] shall be granted by the court when one or more of the following grounds is established by the petitioner:

"(a)   A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b)   Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c)   Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d)   Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

■      Defendant contends that petitioner cannot raise his constitutional challenge for the first time in a post-conviction proceeding, because he does not allege that his previous failure to raise that issue was caused by inadequate assistance

---

[4] We express no opinion on the merits of petitioner's claim.

of trial or appellate counsel. ORS 138.550(1) expressly provides that the availability of post-conviction relief is not affected by the failure to raise an issue in the proceedings that resulted in the conviction.[5]

■■   In contrast, failure to raise an issue in a direct appeal *may* bar a petitioner from obtaining post-conviction relief. ORS 138.550(2) provides, in part:

> "When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for [Post-Conviction Relief] unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

Petitioner did seek direct appellate review of his conviction, but he did not challenge the constitutionality of ORS 166.250 in that proceeding. In his petition, he alleged that he could not have raised the constitutional issue in his direct appeal, "because it was not an issue preserved by objection in the trial record." Petitioner is correct; unpreserved errors generally cannot reasonably be raised in a direct appeal. ORAP 5.45(2); *State v. Jensen*, 313 Or 587, 598, 837 P2d 525 (1992).

The question remains whether petitioner may raise the unpreserved issue in this post-conviction proceeding. *North v. Cupp*, 254 Or 451, 461 P2d 271 (1969), *cert den* 397 US 1054 (1970), appears to stand for the proposition that a petitioner may not raise an unpreserved constitutional issue in post-conviction proceedings unless trial or appellate counsel were inadequate. However, a close examination of *North* reveals that the petitioner in that case failed to assert *any* of the enumerated grounds for post-conviction relief. He had neither objected to the admission of certain evidence at trial, nor assigned error to its admission in his unsuccessful direct appeal. He then filed a petition for post-conviction relief, in which he alleged that the search for and seizure of that evidence violated the Fourth Amendment.

---

[5] ORS 138.550(1) provides:

"The failure of petitioner * * * to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under [the Post-Conviction Hearing Act]."

The *admission* of evidence that was seized in violation of the Fourth Amendment does not violate the Fourth Amendment, *United States v. Calandra,* 414 US 338, 348, 94 S Ct 613, 38 L Ed 2d 561 (1974), and the petitioner in *North, supra,* did not contend that its admission violated Article I, section 9, of the Oregon Constitution. *See State v. McMurphy,* 291 Or 782, 635 P2d 372 (1981).[6] The petitioner in *North* did not allege that the *admission* of that evidence constituted a substantial denial of any of his constitutional rights. ORS 138.530(1)(a).

Although *the failure to object* to evidence seized in violation of the Fourth Amendment may be the result of inadequate assistance of counsel, the petitioner in *North* did not allege that either trial or appellate counsel were inadequate. Thus, the court concluded:

> "When a petitioner has a competent attorney who is not guilty of fraud and all the circumstances are such that the attorney would reasonably have been expected to object to constitutionally defective evidence, there is nothing unfair in asserting in post-conviction proceedings the procedural rule requiring a contemporaneous objection. There is no substantial denial of a constitutional right." 254 Or at 459.

Because the petitioner did not allege a substantial denial of any constitutional right, he was not entitled to post-conviction relief under ORS 138.530(1)(a), and he did not contend that he was entitled to relief under any of the other grounds that are enumerated in ORS 138.530.

■ In contrast, petitioner in this case did assert one of the other enumerated grounds by alleging that ORS 166.250 is unconstitutional. ORS 138.530(1)(d). Nothing in ORS 138.510 requires petitioner to establish that trial or appellate counsel were inadequate in order to raise a constitutional challenge to the criminal statute for the first time in post-

---

[6] In *State v. McMurphy, supra,* 291 Or at 785, the court explained:

"[In contrast to the federal exclusionary rule,] the deterrent effect on future [police misconduct], though a desired consequence, is not the constitutional basis for respecting the rights of a defendant against whom the state proposes to use evidence already seized. In demanding a trial without such evidence, the defendant invokes rights personal to himself."

A defendant's Article I, section 9, rights are violated by the *admission* of evidence that was seized in violation of that defendant's Article I, section 9, rights. *See State v. Tanner,* 304 Or 312, 315-16, 745 P2d 757 (1987).

conviction proceedings. *Cf. Wells v. Peterson*, 315 Or 233, 844 P2d 192 (1993). (Petitioner may raise ORS 138.530(1)(c) challenge to unlawful sentence for the first time in post conviction, even though trial counsel was not inadequate.) Petitioner is only required to establish that the challenge could not reasonably have been raised in the direct appeal. ORS 138.550(2). That requirement is satisfied if the issue was not preserved. The reason why the issue was not preserved is irrelevant.

Although petitioner is entitled to challenge the constitutionality of ORS 166.250, we see no reason to remand to the post-conviction court for a hearing on that claim. Petitioner's challenge to the statute is a facial one, and there is no need to develop an evidentiary record to resolve the legal issue that he raises. By dismissing the second claim, the post-conviction court, in effect, declared its conclusion that ORS 166.250 is not void for vagueness. Therefore, the validity of the statute is properly before us.

■ Petitioner complains that the term "concealed" in ORS 166.250 is not defined. Several courts have defined the term and have invariably concluded that a weapon is "concealed" if it is not discernible by ordinary observation.[7] We are persuaded that the term "concealed" in ORS 166.250 is "sufficiently explicit [by itself] to inform those who are subject to it of what conduct on their part will render them liable in penalties." *State v. Plowman*, 314 Or 157, 160, 838 P2d 558 (1992); Or Const, Art I, §§ 20, 21. The absence of a statutory definition for the term "concealed" in ORS 166.250 does not render that statute void for vagueness.

Judgment on the first claim reversed; judgment on the second claim affirmed.

**EDMONDS, J.,** concurring.

In this post-conviction relief proceeding, petitioner contends that ORS 166.250 is unconstitutional because it does not define the term "concealed." I write separately,

---

[7] *See People v. Schuford*, 50 Ill App 3d 408, 410, 365 NE2d 731 (1977); *State v. Gwinn*, 390 A2d 479, 482 (Me 1978); *Shipley v. State*, 243 Md 262, 269, 220 A2d 585 (1966); *State v. Kincade*, 61 Mich App 498, 502, 233 NW2d 54 (1975); *State v. Patterson*, 624 SW2d 11, 13 (Mo 1981); *State v. Goodwin*, 184 Neb 537, 541, 169 NW2d 270 (1969), *cert den* 397 US 1046 (1970).

because petitioner has not alleged a cognizable claim for post-conviction relief.

After his conviction under ORS 166.250, petitioner sought direct appellate review. At trial and on appeal, he did not challenge the constitutionality of ORS 166.250. He makes that challenge for the first time in this proceeding under ORS 138.530(1)(d).[1] ORS 138.550(2) says, in part:

> "[N]o ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

In an effort to avoid the effect of ORS 138.550(2), petitioner argues that he could not have raised the constitutional argument on direct appeal because it was not made in the trial court. The majority agrees, holding that claims of error that are unpreserved at trial and not made on direct appeal can be raised in a petition for post-conviction relief.

That holding is contrary to what the Supreme Court said in *North v. Cupp*, 254 Or 451, 461 P2d 172 (1969), *cert den* 397 US 1057 (1970).[2] In *North*, the petitioner was convicted of the crime of using explosives to commit a crime in a building entered in the nighttime. He was apprehended in the basement of a bank building. A warrantless search of his automobile six days after his arrest produced incriminating evidence. The petitioner did not object to the admission of that evidence at trial, was convicted, and did not assign error to the admission of the evidence on appeal. In a petition for post-conviction relief, he asserted that the violation of his Fourth Amendment rights occurred, because of the illegally seized evidence. He did not assert incompetence of counsel as

---

[1] ORS 138.530(1)(d) provides:

"Post-conviction relief pursuant to ORS 138.510 to 138.680 shall be granted by the court when one or more of the following grounds is established by the petitioner:

"* * * * *

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

[2] The majority says that this case differs from *North* because petitioner asserts alternative grounds under ORS 138.530(1) and the petitioner in *North* asserted only a violation of ORS 138.530(1)(a). 121 Or App at 383. Why that is a distinction that makes a difference in the interpretation of ORS 138.550(2) is not apparent.

a ground for relief. The Supreme Court said "[t]here can be little doubt that the search and seizure was in violation of the Fourth Amendment." 254 Or at 453. However, in deciding the effect of the failure to preserve the objection at trial or to raise it on direct appeal, the court explained:

"ORS 138.550(1) provides as follows:

" 'The failure of petitioner * * * to have raised matters alleged in his petition at his trial, *shall not affect the availability of relief* under ORS 138.510 to 138.680 * * *.'

"If the statute is interpreted literally, it can be construed to mean that petitioner must be granted relief even though he did not object at trial and regardless of the reason for his failure to do so.

"* * * * *

"The quoted part of ORS 138.550(1) must not be construed in a vacuum but must be read with the other provisions of the act.

"If ORS 138.550(1) is construed as putting the petitioner, under all circumstances, in the same situation as he was at trial, insofar as his right to enforce his constitutional right is concerned, it has in effect said there can be no procedural restrictions on the subsequent assertion of constitutional rights. There has been a procedural rule of long standing in this state requiring contemporaneous objection to the introduction of inadmissible evidence before error may be asserted on appeal because of its admission. This rule serves a legitimate state purpose because it gives the trial court the opportunity to conduct a trial without using the tainted evidence, and a new trial may thus be avoided. Any other rule would destroy the possibility of giving any finality to the trial process. The defendant's attorney could fail to object to the admission of constitutionally objectionable evidence, secure in the knowledge that his client always had an anchor to windward guaranteeing him a new trial if the jury's verdict was adverse.

"This procedural rule would be completely eroded by permitting the granting of relief in post-conviction proceedings in the absence of an objection at trial. It would be senseless to require an objection to the evidence as a prerequisite to the assertion of error on appeal if the necessity for such an objection could subsequently be avoided by instituting an application for post-conviction relief. We cannot believe the legislature intended any such result.

"However, there are situations in which the law recognizes that it is inappropriate to require a contemporaneous objection at trial as a prerequisite to the subsequent raising of the constitutional issue. We believe that the provision in question was intended to prevent the assertion of the procedural rule in such situations. The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right. Also, the failure to assert the right would not be a bar where counsel was incompetent or was guilty of bad faith." (Emphasis in original.) 254 Or at 454-57.

In the light of that analysis, the court examined the circumstances under which the lack of preservation occurred and concluded that there was nothing that would make it procedurally unfair to require the petitioner to have raised his objection at the trial. It affirmed the trial court which had held that the petitioner was barred from post-conviction relief because of his failure to object.

We followed the holding in *North* in *Franklin v. State of Oregon*, 109 Or App 274, 819 P2d 739 (1991), *rev den* 312 Or 676 (1992). There, the petitioner brought a post-conviction relief proceeding to set aside convictions for driving while suspended and driving in violation of a habitual traffic offender order. ORS 811.175; ORS 811.182; ORS 811.185. He argued that the conviction should be set aside, because one of the convictions underlying the habitual traffic offender order was void as the result of a defective notice. The state conceded that the suspension orders were defective. However, it contended that there had not been a substantial denial of petitioner's rights entitling him to post-conviction relief because he had the opportunity to raise the notice issue at trial and on appeal and did not do so. We said that petitioner "could reasonably have been expected to have recognized his rights * * *." 109 Or App at 278. We noted that he did not argue that his counsel was incompetent or was excusably unaware of the facts that provided a basis for the challenge that he was making on post-conviction relief. As a result, we held that the trial court properly denied his request

to set aside his convictions. *See also Lerch v. Cupp*, 9 Or App 508, 497 P2d 379 (1972).

*North* and *Franklin* stand for the proposition that post-conviction relief is not available to those litigants who are able to raise their objection at trial or on appeal and don't. Not only is the majority's holding inconsistent with our and the Supreme Court's precedents, but it effectively writes ORS 138.550(2) out of the Post-Conviction Relief Act. The argument that petitioner now makes was available and could have been asserted on appeal. The fact that it was not preserved at trial does not mean the issue could not have been raised on appeal. Although the argument's chances of success were less likely because it was not preserved, the statute requires more than the unlikelihood of success as an excuse for lack of assertion on direct appeal. *See North v. Cupp, supra*, 254 Or at 457. I agree with the majority that the term "concealed" in ORS 166.250 is not constitutionally vague. However, I would not reach that issue, because petitioner has not alleged sufficient facts to state a claim for relief under the Post-Conviction Relief Act.