## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT RANDALL IVEY,
*Appellant.*

(C910748CR; CA A73121)

857 P2d 230

Michael Curtis, Portland, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant appeals his conviction, following a trial to the court on stipulated facts, for felony driving while revoked (DWR). ORS 811.182.[1] We reverse.

In 1987, defendant was designated a habitual traffic offender (HTO), because of two uncounseled juvenile court adjudications for traffic crimes. The Motor Vehicles Division (MVD) issued an order revoking defendant's driver's license based on his HTO designation. In January, 1991, defendant was convicted of two counts of DWR for driving while subject to that revocation.[2] In February, 1991, MVD issued two orders revoking defendant's driving privileges, based on his DWR convictions.

On March 16, 1991, defendant again drove while his license was revoked, and he was arrested. He was charged with violating the HTO order, *former* ORS 811.185, and with DWR, for violating the revocation orders based on his prior DWR convictions. He filed a pretrial motion to suppress the HTO revocation and the DWR revocations, on the ground that all three flowed from his uncounseled juvenile convictions. The trial court granted the motion to suppress the HTO order, and dismissed the count based on defendant's violation of that order. The court denied defendant's motion to suppress the revocation orders that were based on his prior DWR convictions. He was convicted of DWR.

Defendant assigns error to the order denying his motion to suppress evidence of the DWR revocations. He contends, and the state does not dispute, that the 1987 convictions could not be used as a basis for supporting the HTO order. He argues that the revocation orders based on the 1991 DWR convictions should have been suppressed, because they were predicated on his violation of the invalid HTO order. He relies on *State v. Harper*, 91 Or App 239, 754 P2d 916 (1988), for that proposition.

---

[1] *Since amended by* Or Laws 1991, ch 860, § 9.

[2] Defendant pleaded guilty with assistance of counsel. He did not challenge the convictions on appeal. His post-conviction petitions were dismissed on statute of limitations grounds, and he voluntarily moved to dismiss the appeal he pursued from those dismissals.

In *Harper*, the defendant was charged with driving while his driver's license was revoked. It had been revoked because he was convicted of violating an HTO order. He argued that the invalidity of the HTO order was a defense to the charge. We agreed.

The state does not dispute that *Harper* recognizes the invalidity of the HTO order as a defense to a charge of DWR where, as here, the felony revocation was for violating the HTO order. It notes that the 1989 amendments to ORS 138.510[3] impose a 120-day limitation period for filing a petition for post-conviction relief, and contends that that period should limit the time in which a defendant may assert the defense recognized in *Harper*.[4]

The state fails to distinguish between petitioning for post-conviction relief from an invalid conviction, and asserting the invalidity of a revocation based on that conviction as a defense to a present charge. *Harper* has nothing to do with post-conviction relief. *See Franklin v. State of Oregon*, 109 Or App 274, 279, 819 P2d 739 (1991), *rev den* 312 Or 676 (1992). Defendant, like the defendant in *Harper*, seeks only to assert a defense to the present charge. Because he does not seek post-conviction relief, the 120-day limitation on his right to petition for that relief is not applicable.

Reversed and remanded.

---

[3] Or Laws 1989, ch 1053, § 18.

[4] The parties assume that the defense under *Harper* was adequately raised by defendant's motion to suppress. For purposes of this appeal, we join them in that assumption.