Argued and submitted October 31, 2000, reversed and remanded
September 12, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL WARNER SIMS,
*Appellant.*

## 97CR1061MA; A104178

31 P3d 1129

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Wollheim, Judge, and Ceniceros, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals his conviction for felony driving while revoked. ORS 811.182. The issue before us is whether the trial court erred when it did not permit defendant to collaterally attack the habitual traffic offender (HTO) order upon which the felony driving while revoked charge was based. We conclude that it did. Accordingly, we reverse and remand.

In November 1997, defendant was arrested and charged with driving under the influence of intoxicants, ORS 813.010 (1997), and felony driving while revoked (DWR), ORS 811.182 (1997).[1]

On the morning of trial, defendant filed a motion *in limine* to dismiss count 2 and to exclude evidence of the HTO order.[2] Concerning the issue of dismissing the charge, defendant argued that he may collaterally attack the validity of the underlying HTO order at a trial for DWR and that ORS 809.600 requires that an individual have three or more major

---

[1] ORS 811.182 (1997) provided, in part:

"(1) A person commits the offense of criminal driving while suspended or revoked if the person violates ORS 811.175 and the suspension or revocation is one described in this section[.]

"* * * * *

"(3) The crime is a Class C felony if the suspension or revocation resulted from any of the following:

"(a) Habitual offender status under ORS 809.640."

ORS 811.175 (1997) provided, in part:

"(1) A person commits the offense of infraction driving while suspended or revoked if the person does any of the following:

"(a) Drives a motor vehicle upon a highway during a period when the person's driving privileges or right to apply for driving privileges have been suspended or revoked in this state by a court or by the Department of Transportation.

"* * * * *

"(3) The offense described in this section is applicable upon any premises open to the public."

[2] Ordinarily, a court could expect to see two separate motions filed in a context similar to the one presented here: a motion to dismiss and a motion *in limine* to exclude evidence. Apparently, the trial court accepted the single motion and treated it as two separate motions. Because neither party raised the issue of the unusual form of the motion, we will not address it further.

traffic offenses in a five-year period before that individual's driving privileges are revoked.[3] In this instance, defendant contended that his certified driving record indicated that he had been convicted of only two major traffic offenses before the effective date of his 1988 HTO order. Defendant further argued that the proper remedy when the state is unable to show the validity of an HTO order is dismissal of the charge.

At the hearing on the motion, the state argued that defendant received notice that his license was revoked as a habitual offender in 1988, that the suspension would last at least five years, and that he could apply for reinstatement after that period.

The state contended that defendant could have contested that revocation at any point during the nine years after revocation and before the arrest at issue here but did not. The state argued that, because defendant did not contest the revocation, his driver's license had been validly suspended since the revocation. The state noted that, because computerized Department of Motor Vehicle (DMV) records go back only 10 years, defendant's certified driving record was incomplete in that it did not cover three of the five years upon which the HTO order was based. Consequently, the state's position was that the HTO order was presumptively valid and that it became an affirmative defense for defendant to prove that it was not valid. The state further argued that, because defendant had not met his burden of proof, the driving while revoked charge should not be dismissed.

In response, defendant argued that when he first requested a copy of defendant's driving record, he noticed that it contained only information dating back to 1987. Defense counsel explained to the court that he then contacted DMV to inquire how he could obtain a complete record. He said that he was instructed to submit another request for defendant's complete driving record and to use the words

---

[3] ORS 809.600(1) (1997) provided, in part:

"A person's driving privileges shall be revoked as a habitual offender if the person, within a five-year period, has been convicted of or forfeited bail for three or more of any one or more of the following offenses *as evidenced by the records maintained by the Department of Transportation* or by the records of a similar agency of another state[.]" (Emphasis added.)

"include the purged files." Defense counsel stated he did so and received basically the same record. Thus, counsel argued, the record before the court, whether complete or not, contained everything in the possession of DMV.

The trial court then inquired whether the state had a complete criminal history on defendant. The state replied that that record also went back to only 1988. After noting that the court appeared to have an incomplete criminal history and an incomplete driving record for defendant, the trial court concluded that it did not think it was appropriate for the court to "look back ten years and invalidate a[n HTO] revocation that the defendant hasn't challenged for ten years based upon a motion filed this morning * * *." The trial court denied defendant's motion. Defendant then stipulated, subject to the legal challenges already ruled upon by the trial court, that his driving privileges were revoked when he was arrested, and the trial court ruled that no reference to the basis for the revocation could be made to the jury.

After a trial to a jury, defendant was found not guilty of driving while under the influence of intoxicants and guilty of felony driving while revoked.

■ On appeal, defendant assigns as error the trial court's denial of defendant's motion. Defendant repeats his argument that he can collaterally attack the validity of the HTO order and that his driving record does not contain a sufficient number of convictions to support the HTO order.[4] The state argues that defendant cannot collaterally attack the basis for the HTO order revoking his driver's license because he was provided the statutorily required notice of revocation and he did not pursue an administrative appeal of that order.[5] The state further argues that defendant has the burden of proving that the underlying convictions were invalid,

---

[4] Defendant further contends, as he did at trial, that, because the two major traffic offenses documented in the certified traffic record arose out of the same prosecution, DMV considers that as only one prior conviction for the purposes of determining HTO status. We need not address that contention here.

[5] Defendant does not argue that he received insufficient notice of the HTO order nor does he argue that he sought an administrative appeal of that order.

that the HTO order was erroneously issued, and that defendant's reliance solely on the 1998 certified driving record was insufficient to meet that burden.

Defendant is correct that he may contest the validity of the HTO order in this criminal proceeding. We have previously held that a defendant can attack the convictions underlying an HTO order in a prosecution for felony driving while revoked. *See, e.g., State v. Fritz*, 85 Or App 1, 4, 735 P2d 1228, *rev den* 303 Or 700 (1987); *State v. Hardt*, 81 Or App 607, 726 P2d 953, *adhered to on recons* 83 Or App 221, 730 P2d 1278 (1986), *rev den* 303 Or 74 (1987). As we recently explained in *State v. Riddell*, 172 Or App 675, 21 P3d 128, *rev den* 332 Or 430 (2001), nonjury administrative decisions seldom will have a preclusive effect on subsequent criminal proceedings. Because the fundamental issue here does not substantively differ from that in *Fritz* and *Hardt*, defendant may contest the validity of the HTO order in this criminal proceeding.

The state argues, alternatively, that, even if defendant can challenge the validity of the HTO order, defendant's proof in that regard was insufficient. It is uncertain whether the state raised that alternative ground below; at best, it was implicit and not explicit. In all events, the trial court based the ruling solely on the no collateral attack rationale.

Given that posture, it is prudent and appropriate to remand so that the trial court can, in the first instance, determine the facts pertaining to the HTO order's validity.

Reversed and remanded.