Submitted March 15, 2019, reversed and remanded August 19, 2020

DAVID KIRKPATRICK CASE,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
16CV20844; A164729

474 P3d 415

In 1999, when petitioner was a youth, he was sentenced under a mandatory sentencing scheme to life in prison for a minimum of 30 years. After the United States Supreme Court's decision in *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), which held that a mandatory life sentence without the possibility of parole is unconstitutionally disproportionate when imposed against a juvenile homicide offender without consideration of youth, petitioner petitioned for post-conviction relief. He alleged that, in light of *Miller*, his sentences for aggravated murder were cruel and unusual in violation of the Eighth Amendment to the United States Constitution, and that that claim was not untimely because it was based on a newly recognized retroactive constitutional right. The superintendent moved for summary judgment, and the post-conviction court granted the motion. The court reasoned that *Miller* did not apply because petitioner's sentence allowed for the possibility of parole, and that petitioner's claim was also therefore time barred. Petitioner appeals the court's grant of summary judgment, renewing his arguments made below. *Held*: The post-conviction court erred in granting the motion for summary judgment. The superintendent waived his contention that the petition was untimely, and, under *Hardegger v. Amsberry*, 305 Or App 726, 473 P3d 576 (2020), the portion of the rule articulated in *Miller* requiring consideration of an offender's youth at sentencing before imposing any of the state's most severe sentences was substantive, and therefore retroactively applied to petitioner's petition.

Reversed and remanded.

Erin K. Landis, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Sercombe, Senior Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

When petitioner was 17 years old, he pleaded no contest to two counts of aggravated murder and one count of sodomy in the first degree. For the aggravated murder convictions, he was sentenced under a mandatory sentencing scheme to two terms of life in prison for a minimum of 30 years, to be served concurrently. *See* ORS 163.105(1)(c) (1999), *amended by* Or Laws 1999, ch 59, § 31.[1] After the United States Supreme Court's decision in *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), which held that a mandatory life sentence without the possibility of parole is unconstitutionally disproportionate when imposed against a juvenile homicide offender without consideration of youth, petitioner petitioned for post-conviction relief. He alleged that, in light of *Miller*, his sentences for aggravated murder were cruel and unusual in violation of the Eighth Amendment to the United States Constitution, and that that claim was not untimely under ORS 138.510(3) because it was "based on a newly recognized retroactive constitutional right which was not reasonably available to petitioner until the time periods for seeking direct appeal and post-conviction relief had expired." The superintendent moved for summary judgment, and the post-conviction court granted the motion. The court reasoned that *Miller* did not apply because petitioner's sentence allowed the possibility of parole, and that petitioner's claim was also therefore time barred.

Petitioner appeals the post-conviction court's grant of summary judgment. He contends that his sentence under ORS 163.105(1)(c) is unconstitutional as applied to him because it does not afford him a "meaningful opportunity to obtain release" as required by *Miller*.

In supplemental briefing, the superintendent has withdrawn and waived his contention that the petition is untimely. *See Palmer v. State of Oregon*, 121 Or App 377, 379-80, 854 P2d 955 (1993), *aff'd in part on other grounds*, 318 Or 352, 867 P2d 1368 (1994) (explaining that the post-conviction relief limitations period is not jurisdictional and

---

[1] All references in this opinion to ORS 163.105 are to the 1999 version of the statute, which was in effect when petitioner was sentenced.

is waivable by the superintendent). For that reason, we con-
clude that the post-conviction court's timeliness ruling does
not supply a basis to affirm. The superintendent neverthe-
less contends, saliently, that (1) petitioner is not entitled to
retroactive application of *Miller* because the portion of that
rule that is applicable to petitioner under *State v. Link*, 297
Or App 126, 441 P3d 664 (2019), is procedural rather than
substantive, and (2) if *Miller* applies retroactively, the sen-
tencing scheme in ORS 163.105(1)(c) cures any violation
by providing petitioner with a meaningful opportunity for
release as required by the federal constitution.[2] On those
bases, the superintendent urges us to affirm. Reviewing for
legal error, we disagree with the superintendent on both
points and, therefore, reverse. *Eklof v. Steward*, 360 Or 717,
729, 385 P3d 1074 (2016).

Our opinion in *Hardegger v. Amsberry*, 305 Or App
726, 473 P3d 576 (2020), wholly disposes of this appeal. As
in this case, the petitioner was a youth at the time that he
committed felony murder. He received a mandatory sen-
tence of life in prison with the possibility of release after
a minimum of 25 years under ORS 163.115(5) (2001),[3] and,
after the decision in *Miller*, he sought post-conviction relief.
*Id*. at 728. The superintendent moved for summary judg-
ment, which was granted, and, on appeal, the parties' argu-
ments were virtually identical to those before us here.

Responding to the same arguments before us now,
we concluded that the portion of the rule articulated in *Miller*
requiring consideration of an offender's youth at sentencing
before imposing any of the state's "most severe" sentences
is substantive, and therefore retroactively applies to post-
conviction petitions. *Id*. at 734, 741-42 (citing *Link*, 297 Or
App at 134). We also concluded that the statutory sentencing
scheme did not provide the "meaningful substitute for con-
sideration of youth" necessary to cure a *Miller* violation. *Id.*

---

[2] The superintendent also argues that *Link* was wrongly decided. We reject
that contention without further discussion.

[3] Although the sentencing provision in *Hardegger* is not the same as the one
at issue here, the provision at issue here, ORS 163.105, was the same provision
at issue in *Link*. For that reason, our reasoning in *Hardegger* applies with equal
force here, though it (but not *Link*) involved a different sentencing statute than
the one in play here.

at 736; *see also Link*, 297 Or App at 156 n 5 (explaining that "Oregon's murder review hearing is not 'extending parole eligibility' in the manner contemplated by [*Montgomery v. Louisiana*, ___ US ___, 136 S Ct 718, 736, 193 L Ed 2d 599 (2016)], rather, it extends the *chance to obtain* parole eligibility" (emphasis in original)). We therefore conclude that petitioner is entitled to retroactive relief under *Miller* and *Link* on his contention that his sentence under ORS 163.105(1)(c) does not comport with the Eighth Amendment.

Reversed and remanded.