Submitted March 13, 2020, affirmed August 4, 2021

EARL WARREN CARNAHAN,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
16CV0169; A167001

492 P3d 733

Lung S. Hung, Judge.

Jason Weber and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this post-conviction case, petitioner, who was sentenced as a juvenile after his conviction for intentional murder, appeals from a judgment denying him relief, assigning as error the trial court's order granting the superintendent's motion for summary judgment. Having reviewed the briefing, the record, and the relevant legal authorities, we affirm.

Petitioner was sentenced to life in prison under ORS 163.115(5), which provides for the possibility of parole after 25 years. In his petition for post-conviction relief, he argued that his sentence violates the prohibition on cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He relied on *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), in which the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments and that sentencers must consider the transient nature of youth and its attendant characteristics.

The post-conviction court determined that *Miller* applied to mandatory life-without-parole sentences—not sentences like petitioner's, which provided for the possibility of parole. The court granted the superintendent's motion for summary judgment and entered a general judgment denying relief on February 5, 2018.

Petitioner asserts that it was error for the post-conviction court to grant summary judgment, reprising the arguments he made below. In his briefing, he relies on our decision in *State v. Link*, 297 Or App 126, 441 P3d 664 (2019), in which we held that a life sentence for 30 years without the possibility of parole, imposed on a juvenile offender without regard for the unique qualities of youth, violates the Eight Amendment. Subsequently, however, the Supreme Court reversed that decision, holding that such a sentence was not subject to the Eighth Amendment's individualized-sentencing requirement as announced in *Miller. State v. Link*, 367 Or 625, 482 P3d 28 (2021). Petitioner's claim thus fails on the merits. Accordingly, we affirm.

Affirmed.