Submitted on remand from the Oregon Supreme Court July 12, affirmed
September 9, 2021

DAVID KIRKPATRICK CASE,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
16CV20844; A164729

497 P3d 816

On remand from the Oregon Supreme Court, *Case v. Cain*, 368 Or 206, 487 P3d 400 (2021).

Erin K. Landis, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

This post-conviction case is before us on remand from the Supreme Court for reconsideration in light of *State v. Link*, 367 Or 625, 482 P3d 28 (2021) (*Link II*). *Case v. Cain*, 368 Or 206, 487 P3d 400 (2021). Petitioner was a juvenile at the time of his offenses and is serving concurrent sentences under ORS 163.105(1)(c) (1999), *amended by* Or Laws 1999, ch 59, § 31,[1] on two convictions for aggravated murder. In our original opinion, we held that petitioner was entitled to post-conviction relief from his sentences under ORS 163.105(1)(c), ruling that those sentences violated petitioner's incorporated Eighth Amendment to the United States Constitution rights under *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), as interpreted by our court in *State v. Link*, 297 Or App 126, 441 P3d 664 (2019) (*Link I*). *Case v. Cain*, 306 Or App 21, 24-25, 474 P3d 415 (2020), *vac'd and rem'd*, 368 Or 206, 487 P3d 400 (2021). Specifically, we concluded that, under *Link I*, petitioner's sentences violated the Eighth Amendment because the sentencing scheme did not, in our view, allow for constitutionally adequate consideration of petitioner's youth. *Id*. In *Link II*, however, the Supreme Court disagreed with our analysis in *Link I* and held that sentences under ORS 163.105(1)(c), as applied to juvenile offenders, do not violate the Eighth Amendment under *Miller. Link II*, 367 Or at 661-65. In view of *Link II*, our conclusion that petitioner's sentences are unconstitutional for failing to allow for constitutionally adequate consideration of petitioner's youth can no longer stand. *See, e.g.*, *Carnahan v. Cain*, 313 Or App 718, 492 P3d 733 (2021) (reaching similar conclusion under *Link II* regarding sentence imposed on juvenile under ORS 163.115).

In his brief to us, petitioner raised one additional argument as to why his sentences violated the Eighth Amendment that we did not need to reach the first time this case was before us. He also contends that it violates the Eighth Amendment to sentence a juvenile to a mandatory minimum period of confinement (in this case, 30 years). As

---

[1] All references in this opinion to ORS 163.105 are to the 1999 version of the statute.

petitioner acknowledges, that argument is foreclosed by our decision in *State v. Conrad*, 280 Or App 325, 336-37, 381 P3d 880 (2016), *rev den*, 360 Or 851 (2017), and we reject it for that reason.

Affirmed.