Submitted on remand from the Oregon Supreme Court July 12, affirmed November 17, 2021, petition for review denied March 24, 2022 (369 Or 504)

BRIAN JOSEPH HARDEGGER,
*Petitioner-Appellant,*

*v.*

Brigitte AMSBERRY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
16CV31299; A165761

500 P3d 81

On remand from the Oregon Supreme Court, *Hardegger v. Amsberry*, 368 Or 206, 487 P3d 400 (2021).

Daniel J. Hill, Judge.

Jason Weber and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

This post-conviction case is before us on remand from the Supreme Court for reconsideration in light of *State v. Link*, 367 Or 625, 482 P3d 28 (2021) (*Link II*). *Hardegger v. Amsberry*, 368 Or 206, 487 P3d 400 (2021). Petitioner was a juvenile when he and his father killed his mother. He was tried as an adult under ORS 137.707 (2001), *amended by* Or Laws 2019, ch 634, § 5. Following a stipulated facts trial, petitioner was found guilty of felony murder and sentenced to life in prison, ORS 163.115(5)(a) (2001),[1] with the chance of parole after 25 years, ORS 163.115(5)(b), (c) (2001).

In our original opinion, we concluded that the trial court erred in granting the superintendent's motion for summary judgment, and we remanded the case for resentencing, holding that, in view of *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), as we interpreted it in *State v. Link*, 297 Or App 126, 441 P3d 664 (2019), *rev'd*, 367 Or 625, 482 P3d 28 (2021) (*Link I*), petitioner's sentence was impermissible under the Eighth Amendment to the United States Constitution. *Hardegger v. Amsberry*, 305 Or App 726, 745, 473 P3d 576 (2020), *vac'd and rem'd*, 368 Or 206, 487 P3d 400 (2021).[2] In *Link II*, the Supreme Court disagreed with our decision in *Link I*, holding that the statutory scheme under which that defendant was sentenced for murder committed when he was a juvenile—life imprisonment with the chance of parole after 30 years—was not "the functional equivalent of life without parole" and, therefore, did not violate the Eighth Amendment. *Link II*, 367 Or at 667. The Supreme Court thereafter remanded this case to us for reconsideration in light of its decision in *Link II*. *Hardegger*, 368 Or 206. We now conclude, in view of *Link II*, that petitioner's sentence to life in prison with the chance of parole after 25 years is not a true-life sentence

---

[1] The statute has since been amended. *See* Or Laws 2007, ch 717, § 2; Or Laws 2009, ch 660, § 7; Or Laws 2009, ch 785, § 1; Or Laws 2011, ch 291, § 1; Or Laws 2015, ch 820, § 46; Or Laws 2019, ch 634, § 28. All references in this opinion to ORS 163.115 are to the 2001 version of the statute.

[2] In our original opinion, we also accepted the superintendent's concession that the post-conviction court erred in ruling that petitioner's claim was statutorily time-barred. Petitioner's post-conviction claim is not time-barred, but, as we explain, we now reject his claim on the merits.

and, therefore, does not violate the Eighth Amendment. *See, e.g.*, *Carnahan v. Cain*, 313 Or App 718, 492 P3d 733 (2021) (reaching similar conclusion under *Link II* regarding sentence imposed on juvenile under ORS 163.115).

Affirmed.