Submitted on remand from the Oregon Supreme Court July 14, affirmed November 17, 2021

KEITH GILLETTE,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
17CV20510; A167484

500 P3d 82

On remand from the Oregon Supreme Court, *Gillette v. Cain*, 368 Or 206, 487 P3d 846 (2021).

Lung S. Hung, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

This post-conviction case is before us on remand from the Supreme Court for reconsideration in light of *State v. Link*, 367 Or 625, 482 P3d 28 (2021) (*Link II*). *Gillette v. Cain*, 368 Or 206, 487 P3d 846 (2021). Petitioner was a juvenile when he was charged with aggravated murder. After a waiver hearing, he was tried as an adult and found guilty by a jury. The court then sentenced him to life in prison under ORS 163.105 (1987).[1] He was later granted post-conviction relief, retried, and again found guilty and the court sentenced him to life in prison with the possibility of parole after a fixed term of years.

In our original opinion, we concluded that petitioner was entitled to post-conviction relief because the waiver hearing that resulted in petitioner being tried as an adult could not "serve as an adequate substitute for individualized consideration of youth at sentencing" as required by *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), as we interpreted it in *State v. Link*, 297 Or App 126, 441 P3d 664 (2019), *rev'd*, 367 Or 625, 482 P3d 28 (2021) (*Link I*). *Gillette v. Cain*, 306 Or App 287, 297, 474 P3d 442 (2020), *vac'd and rem'd*, 368 Or 206, 487 P3d 846 (2021). In our view, the inadequate waiver hearing did "not prevent the risk of a constitutionally disproportionate sentence" and we, thus, reversed and remanded the case. *Id.* at 289.

In *Link II*, the Supreme Court reversed our opinion in *Link I* and held that the statutory scheme under which the juvenile offender had been sentenced for murder—providing for life imprisonment with the chance of parole after 30 years—did not impose "the functional equivalent of life without parole," did not deprive the juvenile offender in that case of a meaningful opportunity for release, and, therefore, did not violate the Eighth Amendment to the United States Constitution. *Link II*, 367 Or at 667. The Supreme Court thereafter remanded this case to us for reconsideration in light of its *Link II* decision. *Gillette*, 368

---

[1] The statute has since been amended. *See* Or Laws 1989, ch 720, § 1; Or Laws 1991, ch 126, § 8; Or Laws 1995, ch 421, § 2; Or Laws 1999, ch 59, § 31; Or Laws 1999, ch 782, § 5; Or Laws 2007, ch 717, § 1; Or Laws 2009, ch 660, § 6; Or Laws 2015, ch 820, § 45; Or Laws 2019, ch 634, § 27.

Or 206. Petitioner was sentenced to life in prison with the chance of parole after 30 years. He did not receive a true-life sentence. Under *Link II,* petitioner's sentence does not violate the Eighth Amendment. The fact that the sentence was constitutional renders the adequacy of the waiver hearing immaterial. *See, e.g., Hardegger v. Amsberry*, 315 Or App 708, 500 P3d 81 (2021) (reaching similar conclusion under *Link II* regarding sentence imposed on juvenile under ORS 163.115 (2001)); *Case v. Cain*, 314 Or App 457, 497 P3d 816 (2021) (reaching similar conclusion under *Link II* regarding sentence imposed on juvenile under ORS 163.105 (1999)); *Carnahan v. Cain*, 313 Or App 718, 492 P3d 733 (2021) (reaching similar conclusion under *Link II* regarding sentence imposed on juvenile under ORS 163.115).

Affirmed.